# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BOYD,<br><br>    Plaintiff,<br>vs.<br><br>MULTIFAMILY USA APTS.,<br>VINTABE POINT ASST. MGR.<br><br>    Defendant. | CASE NO. 12cv2080-GPC-BLM<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**<br><br>[Dkt. No. 8.] |

On August 23, 2012, Plaintiff Mario Boyd, proceeding *pro se* and *in forma pauperis*, commenced this action against Defendants Multifamily USA Apts. and Vintage Point Asst. Mgr. (Dkt. No. 1.) On December 20, 2012, the Court *sua sponte* dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and granted Plaintiff thirty (30) days to file an amended complaint. (Dkt. No. 5.) The Court's Order was returned as undeliverable. (Dkt. No. 6.) On December 26, 2013, Plaintiff filed an Amended Complaint. (Dkt. No. 8.) For the following reasons, the Court again *sua sponte* **DISMISSES** the Amended Complaint for lack of federal subject matter jurisdiction.

## DISCUSSION

A complaint filed by any person proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal

by the Court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

As stated in the Court's Order dismissing Plaintiff's initial Complaint, a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. See <u>Steel Co. v. Citizens for a Better Environ.</u>, 523 U.S. 83, 95 (1998). Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977) (citations omitted).

As explained in the Court's prior order, federal courts are courts of limited jurisdiction. Unlike state courts, they have no 'inherent' or 'general' subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal question, or to which the United States is a party. See <u>Finley v. United States</u>, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. See <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994).

Plaintiff's Amended Complaint fails to cure the defects of Plaintiff's original Complaint. As in his initial Complaint, Plaintiff's Amended Complaint alleges "wrongful discrimination base[sic] on sexual orientation by landlord manager . . . I was subjected to racial based upon my race, also perceived sexual orientation as being gay which became hostile environment." (Dkt. No. 8 at 1.) However, Plaintiff again fails to invoke a federal question or show that diversity jurisdiction exists. Moreover, the United States is not a party to this case. As a result, Plaintiff has not presented a sufficient basis for federal jurisdiction. Accordingly, the Court *sua sponte* DISMISSES the Amended Complaint without prejudice.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Amended Complaint, without prejudice, for lack of subject matter jurisdiction. The Court **GRANTS** Plaintiff forty-five (45) days from the date of this order to file a second amended complaint curing the deficiencies identified herein.

**IT IS SO ORDERED.**

DATED: March 27, 2014

HON. GONZALO P. CURIEL
United States District Judge