# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BOYD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MULTIFAMILY USA APTS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 12-cv-2080-BAS(BLM)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

After four years, multiple hearings, and many attempts to allow Plaintiff Mario Boyd to proceed with his case, the litigation has not progressed beyond the service-of-process stage. Hence, the Court exercises its inherent authority to **DISMISS WITHOUT PREJUDICE** Plaintiff's action for failure to prosecute.

## I. PROCEDURAL HISTORY

On August 23, 2012, Mr. Boyd, appearing *pro se*, filed a complaint against Defendants Multifamily USA Apts. and its Assistant Manager, claiming discrimination based on his race, gender, and sexual orientation. Mr. Boyd alleged his apartment manager did nothing to stop other tenants from using racial and sexual

slurs against him. (ECF No. 1.)

On December 20, 2012, this Court dismissed the complaint for lack of subject matter jurisdiction. (ECF No. 5.) The Court gave Mr. Boyd thirty days to file an amended complaint. (*Id.*) The Order was returned to the Court as undeliverable. (ECF No. 6.)

Over one year later, on December 26, 2013, Mr. Boyd attempted to file an amended complaint, explaining that he had been ill. The Court allowed Mr. Boyd to file his amended complaint one year late, but once again dismissed the amended complaint for lack of subject matter jurisdiction (ECF No. 10). The Court gave Mr. Boyd 45 days from March 27, 2014 to file a Second Amended Complaint.

On May 2, 2014, Mr. Boyd filed his Second Amended Complaint ("SAC"). (ECF No. 12.) In the SAC, he added allegations that Defendant violated the Fair Housing Act. (*Id.*) On August 13, 2014, Mr. Boyd returned the summons but did nothing further.

On February 12, 2015, the Court held a hearing for dismissal for want of prosecution pursuant to Civil Local Rule 41.1 and explained to Mr. Boyd the default procedure in federal court. (ECF No. 17.) The Court then gave Mr. Boyd additional time to request entry of default. On April 24, 2015, Mr. Boyd complied with step one and requested entry of default against Defendant, which the clerk entered. (ECF Nos. 18, 19.) However, Mr. Boyd failed to file a motion for default judgment. Therefore, the Court once again set the matter for a hearing for failure to move for default judgment pursuant to Civil Local Rule 55.1, explaining in the order that if Mr. Boyd filed a motion for default judgment, the matter would be taken off calendar. (ECF No. 20.)

Instead, Mr. Boyd filed a motion to strike portions of the complaint and attached the clerk's entry of default. (ECF No. 22.) The Court terminated the motion to strike and ordered Mr. Boyd to appear in Court. (ECF No. 24.) At the second hearing for want of prosecution, held on October 26, 2015, the Court pointed out to

Mr. Boyd a flaw in his return of summons, which indicated that Celia Dennison had served the SAC by leaving a copy with Celia Dennison. Mr. Boyd apologized and requested more time to properly serve the complaint, which the Court granted. (ECF No. 25.)

On December 14, 2015, Mr. Boyd finally filed a proper service of summons, but six months later, Mr. Boyd has failed to request that the clerk enter default or move for default judgment.

## II.   ANALYSIS

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power, they may impose sanctions including, where appropriate … dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 475 U.S. 829 (1986); *accord Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Although due process generally requires that the party have notice and the opportunity to be heard before dismissal, when a party may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity for advance notice and a hearing. *Link*, 370 U.S. at 630-32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferkid*, 963 F.2d at 1260.

"The circumstances in which a court may exercise its inherent power to dismiss an action include an action where a Plaintiff has failed to prosecute the case[.]" *Link*, 370 U.S. at 630. In determining whether to exercise this power, "the district court must weigh five factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (internal quotations omitted).

### A. Public's Interest In Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case has been pending for four years. The case has not even progressed beyond the service-of-process stage. Hence, the public's interest in expeditious resolution favors dismissal in this case.

### B. Court's Need to Manage Its Docket

A district court is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984). In this case, the Court has held multiple hearings, given Mr. Boyd the benefit of the doubt again and again, and attempted to explain what Mr. Boyd needs to do to move this case forward. Frankly, the Court has reached the conclusion that it is more interested in seeing the case progress than Mr. Boyd is. The Court's need to manage its docket favors dismissal.

### C. Prejudice to the Defendants

Prejudice can be presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The allegations in the complaint stem from actions allegedly taken in January 2000. Memories have faded. Evidence may or may not exist. And yet Mr. Boyd still has not moved beyond the service-of-process stage. This prong favors dismissal.

//

//

//

### D. Public Policy

Public policy favors disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643. The Court recognizes that this factor weighs against dismissal.

### E. Availability of Less Drastic Alternatives

After multiple hearings and orders directing Mr. Boyd to move the case forward, the Court has reluctantly reached the conclusion that less drastic alternatives do not exist. Although the Court recognizes that due process generally requires notice and an opportunity to be heard, the Court notes that it has previously held two hearings on the issue of Mr. Boyd's failure to prosecute. In those hearings, the Court explained the service-of-process and default process, yet Mr. Boyd still has failed to request an entry of default. These hearings were held after Mr. Boyd was given the benefit of the doubt and allowed to file an amended complaint almost one year late. Since less drastic alternatives do not exist, the Court concludes this prong supports dismissal.

## III. CONCLUSION & ORDER

The Court exercises its inherent power to dismiss this action for Mr. Boyd's failure to prosecute. Hence, the case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:  June 14, 2016**

*(signature)*
Hon. Cynthia Bashant
United States District Judge